DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-7-FDW

| | |
|---|---|
| DONALD E. STILES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| FNU COOK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of this action filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). Also pending are Plaintiff's Motion for Consent, (Doc. No. 8), Plaintiff's Motion to Enter Written Depositions, (Doc. No. 9), and Plaintiff's Motion to Produce Documents and Tangible Things, (Doc. No. 10).

### I.     BACKGROUND

Pro se Plaintiff Donald E. Stiles, Jr., is a North Carolina inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. In this action, brought under 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his First Amendment right to the free exercise of his religion by confiscating his "Indian prayer" materials (including a pipe, stem, medical bag, and feathers) from his cell on December 3, 2015, and by damaging the box that had contained the materials. (Doc. No. 1 at 5-7).

### II.    STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under

1

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

[A]n inmate's failure to exhaust administrative remedies is an affirmative defense

2

to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, by Plaintiff's own assertions, Plaintiff did not exhaust his administrative remedies before bringing this lawsuit. In his administrative remedies statement, Plaintiff asserts the following, under penalty of perjury: "I sent my grievance in on 1-20-16 to the unit manager to see if he can't get my stuff fixed. I am going to appeal all [three] steps. I am on Step One right now. I am moving to the court to give me some time to get all my responses back. I am sending them to the court as I get them." (Doc. No. 19 at 2). Plaintiff's claims must be dismissed for failure to exhaust administrative remedies because it is clear from Plaintiff's own statements that he did not exhaust his administrative remedies before filing this action. Indeed, by his own assertions, made under penalty of perjury, he did not file his first grievance until January 20, 2016, sixteen days after he filed his Complaint. The law is settled that a plaintiff must exhaust administrative remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

### IV. CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

(2) Plaintiff's Motion for Consent, (Doc. No. 8), Plaintiff's Motion to Enter Written Depositions, (Doc. No. 9), and Plaintiff's Motion to Produce Documents and Tangible Things, (Doc. No. 10), are all **DENIED** as moot.

(3) The Clerk of Court is directed to close this case.

Signed: March 3, 2016

Frank D. Whitney
Chief United States District Judge

Signed: March 3, 2016

Frank D. Whitney
Chief United States District Judge